13-1341
Chen v. Holder

BIA
A095 799 555

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand fourteen.

PRESENT:
        RALPH K. WINTER,
        ROSEMARY S. POOLER,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
_____

HUA CHEI CHEN,
                *Petitioner,*

        v.                                    13-1341
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                *Respondent.*
_____

FOR PETITIONER:        Mona Liza Fabular Lao, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Chei Chen, a native and citizen of China, seeks review of a March 13, 2013, decision of the BIA denying her motion to reopen. *In re Hua Chei Chen,* No. A095 799 555 (B.I.A. Mar. 13, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "'disfavored.'" *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). It is well established that the BIA may deny such a motion on the basis that the alien failed to demonstrate *prima facie* eligibility for the relief sought, *i.e.*, a realistic chance that she will be able to establish eligibility. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). "This requires the alien to carry the 'heavy burden' of demonstrating that the proffered new

2

evidence would likely alter the result in her case." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (quoting *Abudu,* 485 U.S. at 110).

The BIA did not abuse its discretion in denying Chen's motion to reopen, as Chen failed to establish her *prima facie* eligibility for asylum. To establish eligibility for asylum, an applicant like Chen, who does not rely on past persecution, must demonstrate a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). Accordingly, she was required to "make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Contrary to Chen's claim, the agency did not err in declining to give probative weight to the new evidence she submitted in support of her motion to reopen, especially given the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007). The agency reasonably determined that the evidence, which included, *inter alia*, an unauthenticated village notice, photographs of her practicing Falun Gong in the United States, an unsworn and unnotarized letter from her

3

father, and 2007 and 2010 State Department reports, did not demonstrate that Chinese officials knew, or were likely to become aware, of her activities in the United States. *See Y.C. v. Holder*, No. 11-2749-ag, 741 F.3d 324, 334(2d Cir. 2013) (deferring to agency's determination giving an unsworn letter by an interested witness "very little evidentiary weight" (internal quotation marks omitted)); see also *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to applicant's evidence in immigration proceedings lies largely within the agency's discretion).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4